UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| VICKIE S. GALLUZZO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:11-CV-429-TLS |
| HOSLEY INTERNATIONAL, INC., GLENN GIBERTINI, and PETER GERIKE, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 14] filed by Defendants Hosley International and Peter Gerike on January 30, 2012. For the reasons stated in this Opinion and Order, the Court will grant the Motion to Dismiss, which amounts to only partial dismissal in favor of Defendants Hosley and Gerike.

**PROCEDURAL BACKGROUND**

The Plaintiff, Vickie S. Galluzzo, filed this action on November 21, 2011, alleging assault, battery, false imprisonment, and intentional infliction of emotional distress against Defendants Hosley and Glenn Gibertini; negligent supervision and negligent retention against Defendants Hosley and Gerike; and Title VII sexual harassment and hostile work environment against Defendant Hosley. (Compl., ECF No. 1.) Defendants Hosley and Gerike filed their Motion to Dismiss [ECF No. 14] along with a Brief in Support [ECF No. 15] and an Answer [ECF No. 16] on January 30, 2012. Defendant Gibertini also filed an Answer [ECF No. 17] on February 8. The Plaintiff filed a Response [ECF No. 18] on February 10, and Defendants Hosley and Gerike filed a Reply [ECF No. 19] on February 21. Discovery is ongoing in this case. The

Motion to Dismiss is fully briefed and ready for ruling.

**FACTUAL BACKGROUND**

This case arises from an incident that allegedly occurred on June 4, 2010. The following facts are taken from the Complaint. For the purposes of the Motion to Dismiss, the Court will presume all well-pleaded allegations to be true, viewed in the light most favorable to the Plaintiff. *See Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

Defendant Hosley, a products distributor, owned a warehouse in Portage, Indiana, for storage and shipment of its products. Defendant Gerike was Defendant Hosley's area manager, with supervisory authority over the employees at the Portage warehouse. Defendant Gibertini was supervisor of the Portage warehouse, the highest-ranking on site employee, and reported to Defendant Gerike. Defendant Hosley hired the Plaintiff as a temporary worker in June 2006 and hired her into a permanent position in October 2006. In 2008, Defendant Gibertini promoted the Plaintiff to an Inventory Lead position. Her duties included passing out work to drivers and picking up and putting away scanning orders.

On June 4, 2010, Defendant Gibertini made inappropriate comments about wanting to take the Plaintiff's picture. Later, Defendant Gibertini allegedly threatened the Plaintiff by putting a plastic bag over his own head, holding it there tightly, and telling her, "This is going to be you in a few minutes." (Compl. ¶ 25.) Subsequently on June 4, the Plaintiff received a call on her radio at Defendant Gibertini's direction, instructing her to come to the back of the warehouse in response to a problem with a pallet trailer. The Plaintiff drove to the area as instructed. There, Defendant Gibertini and other male warehouse employees captured her against her will, tied her

wrists together, wrapped her in shrink wrap, tied her to a chair, and paraded her around the warehouse on a walkie rider—a machine designed to move pallets around a warehouse.

The Plaintiff's claims include assault against Defendants Hosley and Gibertini (Count I), battery against Defendants Hosley and Gibertini (Count II), false imprisonment against Defendants Hosley and Gibertini (Count III), negligent supervision against Defendants Hosley and Gerike (Count IV), negligent retention against Defendants Hosley and Gerike (Count V), Title VII sexual harassment and hostile work environment against Defendant Hosley (Count VI), and intentional infliction of emotional distress against Defendants Hosley and Gibertini (Count VII).

Defendants Hosley and Gerike argue in their briefs that Counts I, II, III, IV, V, and VII should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because they are precluded by the exclusivity provision of the Indiana Workers' Compensation Act (WCA). Further, Defendant Hosley argues that it cannot be held vicariously liable for the intentional torts of Defendant Gibertini under a theory of *respondeat superior* and Counts I, II, III, and VII should therefore be dismissed as against Defendant Hosley under Rule 12(b)(6). The Plaintiff argues that her claims are not barred by the WCA because they are only claims for non-physical injury, and because she has disclaimed any recovery under the WCA. The Plaintiff also argues that Defendant Hosley can be held vicariously liable for Defendant Gibertini's intentional torts because Defendant Gibertini's actions occurred in the scope of his employment in that they were incidental to his authorized conduct. Defendants Hosley and Gerike reply that the Complaint requests relief that can only be granted by the WCA, and therefore the common law claims are barred by the exclusivity provision of the WCA. Finally, Defendant Hosley replies that

3

Defendant Gibertini's allegedly tortious actions were not sufficiently associated with his employment duties to place his actions within the scope of his employment.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp.*, 67 F.3d at 608.

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements

4

of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see also Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012) (stating that a court need not accept as true "legal conclusions or conclusionary allegations that merely recite a claim's elements"). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Iqbal*, 556 U.S. at 680; *see also Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). Finally, determining whether a complaint states a plausible claim for relief requires a reviewing court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Defendants Hosley and Gerike argue that the common law claims brought against them are barred by the exclusivity provision of the Indiana WCA, and that, additionally, the intentional tort claims against Defendant Hosley are barred because they did not arise in the scope of Defendant Gibertini's employment. The Court agrees with the Defendants' arguments on both points, and will dismiss all claims except for Count VI against these Defendants.

### A. Counts I, II, III, IV, V, and VII are Barred by the Indiana WCA

The Indiana Worker's Compensation Act states that "[t]he rights and remedies granted to an employee" under the WCA "on account of personal injury . . . by accident shall exclude all

other rights and remedies of such employee . . . on account of such injury." Ind. Code § 22-3-2-6. Indiana courts have held that objections based on the exclusivity provision of the WCA should be brought as a motion to dismiss for lack of subject matter jurisdiction. *GKN Co. v. Magness*, 744 N.E.2d 397, 400 (Ind. 2001) (stating that when an employer defends on the basis that the employee's claim is barred by the exclusivity provision of the WCA, "the defense is properly advanced through a motion to dismiss for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1)") (citing *Foshee v. Shoney's, Inc.*, 637 N.E.2d 1277, 1280 (Ind. 1994)). However, the Seventh Circuit has instructed that a federal district court should analyze such a motion as a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *Tacket v. Gen. Motors Corp.*, 93 F.3d 332, 334 (7th Cir. 1996) (stating that when a defendant argues that a federal district court lacks subject matter jurisdiction over a state claim because a state court would lack subject matter jurisdiction, then the defendant is arguing that the plaintiff "has failed to state a claim upon which relief can be granted" and "[t]he defendant's motion . . . is more properly characterized as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)"). A plaintiff has the burden to show why her claims should be allowed to go forward in spite of the WCA's exclusivity provision. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994) ("[W]hen the plaintiff's own complaint recites facts demonstrating the employment relationship and its role in the injuries alleged, the burden shifts to the plaintiff to demonstrate some grounds for taking the claim outside the Worker's Compensation Act."). Furthermore, "[i]f the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law." *Magness*, 744 N.E.2d at 401.

The exclusivity provision of the WCA bars a court from hearing a common law claim

brought by an employee if the "employee's injury occurred by accident arising out of and in the course of employment." *Sims v. U.S. Fidelity & Guar. Co.*, 782 N.E. 2d 345, 349–50 (Ind. 2003). The Court will first analyze whether the Plaintiff's claims 1) occurred by accident; 2) arose out of the course of employment; and 3) occurred in the course of employment.

Whether an injury occurred "by accident" depends on the intent of the party advocating the application of the WCA. *Tippmann v. Hensler*, 716 N.E.2d 372, 376 (Ind. 1999) ("the appropriate test for determining whether the injury was accidentally caused is the question, 'Did the party who is advocating the applicability of the Act intend for harm to result from the actions that party undertook?'"). Here Defendants Hosley and Gerike are advocating applicability of the WCA, and the Plaintiff does not suggest that either of those Defendants intended—by their actions—the injuries she alleges. Because neither Defendant Hosley nor Gerike intended the injuries alleged by the Plaintiff, the Court finds that the incidents outlined in the Plaintiff's claims occurred "by accident" for Defendants Hosley and Gerike.

"An injury 'arises out of' employment when a causal nexus exists between the injury . . . and the duties or services performed by the injured employee." *DePuy, Inc. v. Farmer*, 847 N.E.2d 160, 164 (Ind. 2006). The Plaintiff does not suggest or argue that her injury was unrelated to her employment. The Complaint suggests, on the contrary, that the Plaintiff was performing her normal job duties at the time her alleged injuries occurred. Therefore, the Court finds that the Plaintiff's alleged injuries arose out of her employment for the purposes of the WCA.

"An accident occurs 'in the course of' employment when it takes place at the time and place of a person's employment while an employee is fulfilling his duties." *Global Constr., Inc.*

*v. March*, 813 N.E.2d 1163, 1166 (Ind. 2004). The Complaint makes clear that the Plaintiff's alleged injuries took place at the time and place of the Plaintiff's employment, while she was fulfilling her duties, and she does not suggest or argue otherwise. Therefore, the Court finds that the Plaintiff's alleged injuries occurred in the course of her employment for the purposes of the WCA.

The Plaintiff argues that her claims are not barred by the WCA because her claims are only for non-physical injuries, and because she has disclaimed recovery for any injury covered by the WCA. Indeed, the Plaintiff includes the following language at the end of each common law count of the Complaint: "Plaintiff does not seek to recover for the unauthorized touching of her body or for any injury covered by the Indiana Worker's Compensation Act." (Compl. ¶¶ 49, 54, 58, 72, 76, 90.) However, it is the substance of her claims that controls, not her disclaimer. *See Hart v. Webster*, 894 N.E.2d 1032, 1037 (Ind. Ct. App. 2008) ("[E]ven though [the plaintiff] purported to disclaim any recovery under the WCA in his Amended Complaint, the trial court correctly concluded that the substance of [the plaintiff's] claims fell under the WCA and properly dismissed those claims.").

A claim for relief because of a personal injury under the WCA is barred by its exclusivity provision. In *Perry v. Stitzer Buick GMC, Inc.*, the Indiana Supreme Court outlined the types of claims that constitute personal injury under the WCA. It held:

> Although we have not had occasion to give formal definition to the term "personal injury," case law makes clear that its scope includes both physical injury and the somewhat different notions of "disability" and "impairment." "Impairment is a term of art for purposes of workers compensation that denotes an injured employee's loss of physical functions. "Disability" refers to an injured employee's inability to work. The extent of a disability is determined by a worker's physical and mental fitness for various employment opportunities.

8

*Perry*, 637 N.E.2d at 1288 (citations omitted). Defendants Hosley and Gerike argue that each of the Plaintiff's common law claims is in fact a claim for personal injury under the WCA, and as such is barred by the exclusivity provision.

Specifically, Defendants Hosley and Gerike argue that the Plaintiff's claims constitute both impairment and disability as those terms are defined in *Perry*. They argue that the Plaintiff's statement that she has "lost her ability to engage in the same kinds of normal activities that she did before" (Compl. ¶¶ 49, 54, 58, 72, 76, 83f, 84, 90) indicates that the Plaintiff must be making a claim for loss of physical function constituting impairment as defined in *Perry*. Further, they argue that the Plaintiff's statement that she not only "has lost wages and benefits she otherwise would have received," but that she "may suffer such loss of wages and benefits in the future" (*id.*), indicates that the Plaintiff must be making a claim for disability as defined in *Perry*. The Plaintiff responds that the WCA bars claims for physical injuries, but does not bar claims for emotional injuries. She asserts that she is making a claim only for emotional injuries, and that her statement about possible future loss of wages and benefits seeks only to redress her past emotional, non-physical, injuries. Defendants Hosley and Gerike reply that the Plaintiff's claim for "losses of wages and benefits in the future" is a claimed "inability to work," and therefore a disability claim under *Perry*.

The Court agrees with the Plaintiff that she has not pled physical injuries. The Court finds that the relief the Plaintiff requests relates to her emotional and psychological injuries arising from the incidents outlined in the Complaint, and that she is not asking for relief for physical injuries. Defendants Hosley and Gerike argue that nothing besides physical injuries could result in the Plaintiff's claim to have "lost her ability to engage in the same kinds of

9

normal activities that she did before." But the Court finds that emotional or psychological injuries could also significantly alter the Plaintiff's ability to engage in normal life activities, and that the activities in which the Plaintiff is limited may be non-physical activities. Accordingly, the Court finds that the Plaintiff has not pled "physical injury" or "impairment" as they are defined in *Perry*.

However, the Court agrees with Defendants Hosley and Gerike that the Plaintiff's common law claims are claims for personal injury because she avers "disability" as defined in *Perry*. The *Perry* court noted that "'[d]isability' refers to an injured employee's inability to work." *Perry*, 637 N.E.2d at 1288. The *Perry* court further explained that "[t]he extent of a disability is determined by a worker's physical and mental fitness for various employment opportunities." *Id.* The Plaintiff's allegations, therefore, that she may suffer loss of wages and benefits in the future, fall within the *Perry* definition of a disability as the "inability to work." They do so in spite of the Plaintiff's pleading only non-physical injuries. As the *Perry* court stated, the inquiry into disability requires evaluation of whether a worker is physically and mentally fit for work. The Plaintiff has not pled physical injuries; nevertheless, she has pled an inability to work in the future based on her non-physical injuries.[1] The Plaintiff argues that her

---

[1]The Plaintiff cites many cases in support of her claim that only physical injuries fall within the scope of personal injury under the WCA. The Court notes that every case cited by the Plaintiff cites to *Perry*, which, as discussed above, states that personal injury under the WCA includes disability, a concept which includes both physical and mental injury. *See Branham v. Celadon Trucking Servs., Inc.*, 744 N.E.2d 514, 520 (Ind. Ct. App. 2001) (analyzing *Perry* and finding a claim not barred by the WCA because the plaintiff's injury "was not physical and had no disabling quality"); *Dietz v. Finlay Fine Jewelry Corp.*, 754 N.E.2d 958, 965 (Ind. Ct. App. 2001) (examining *Perry* and finding claims not barred by the WCA because "the injuries at the heart of [the plaintiff's] complaint do not involve personal injury as defined by the Act"); *Landis v. Landis*, 664 N.E.2d 754, 756 (Ind. Ct. App. 1996) (finding a claim not barred by the WCA because the plaintiff's claim "was not physical nor did she claim either impairment or disability within the meaning of the Act as defined by the court in *Perry*"); *see also Hart*, 894 N.E.2d at 1037 (citing *Perry* and finding claims not barred by the WCA because the plaintiff "made no mention of

claim for lost wages and benefits only seeks to redress the emotional harm and distress already caused by the Defendants. *See Showalter v. Richmond*, No. 1:08-cv-666-WTL-JMS, 2010 WL 746785, at *4 (S.D. Ind. Feb. 26, 2010) (finding a negligent retention claim not barred by the WCA where it "seeks redress for the emotional harm and distress caused by the [defendant].").[2] But Defendants Hosley and Gerike point out that the Plaintiff has alleged both lost wages and benefits she would have received, and lost wages and benefits in the future. The Court agrees with Defendants Hosley and Gerike that in substance the Plaintiff's claims are for disability as defined in *Perry* because each of the claims in the Complaint states that the Plaintiff may be unable to work in the future. Accordingly, the common law claims are barred because of the exclusivity provision of the WCA, and Court will grant the Motion to Dismiss as to Counts I, II, III, IV, V, and VII.

---

any physical injury or disability or impairment"). To the extent that *Terrell v. Rowsey*, 647 N.E.2d 662, 665 (Ind. Ct. App. 1995), also cited by the Plaintiff, states that only physical injuries are covered by the WCA, the Court disagrees with the *Terrell* court's reading of *Perry*. *See Terrell*, 647 N.E.2d at 665 (stating that the *Perry* court "held that the Act did not apply to a plaintiff who had sustained neither physical injury nor loss of physical function"). The Court reiterates that the *Perry* court held that the WCA did not apply to a plaintiff who had sustained no physical injury, no impairment (loss of physical function), *and* no disability.

[2]The Plaintiff also argues that the Seventh Circuit has found a state law claim not barred by the exclusivity provision of the WCA where the plaintiff alleged no physical injury and sought damages solely for emotional injuries. *Tacket*, 93 F.3d at 335. The Court does not disagree with the Plaintiff's statement of the *Tacket* holding, but would add that nothing in *Tacket* indicates the plaintiff sought damages for future lost wages or benefits. It appears the *Tacket* plaintiff sought damages "solely for emotional injuries" in the past. *Id.* Because the Plaintiff seeks redress for a future inability to work, however, her claims are barred by the exclusivity provision of the WCA. No case cited by the parties involved a plaintiff specifically pleading a future inability to work based on non-physical injuries. The Court believes such pleadings to be an issue of first impression, and believes its holding finds firm support in the *Perry* articulation of disability. The Court adds that the *Tacket* court suggested that if the record had included evidence that the plaintiff's "distress resulted in an inability to get work done," *id.*, the plaintiff's claim might have been precluded by the exclusivity provision of the Indiana WCA.

**B.      Counts I, II, III, and VII are Barred under the Doctrine of *Respondeat Superior***

In addition to the arguments that the Plaintiff's common law claims are barred by the exclusivity provision of the Indiana WCA, Defendant Hosley[3] argues that under the pleadings, the Plaintiff's common law intentional tort claims—Counts I, II, III, and VII—fail to state claims upon which relief can be granted because Defendant Hosley is not vicariously liable for Defendant Gibertini's actions. As the Indiana Supreme Court has stated:

> The general rule is that vicarious liability will be imposed upon an employer under the doctrine of *respondeat superior* where the employee has inflicted harm while acting "within the scope of employment." And in order for an employee's act to fall "within the scope of employment," the injurious act must be incidental to the conduct authorized or it must, to an appreciable extent, further the employer's business.

*Barnett v. Clark*, 889 N.E.2d 281, 283–84 (Ind. 2008) (citations omitted). No party has argued that Defendant Gibertini's conduct appreciably furthered Defendant Hosley's business. The question for the Court, therefore, is whether the facts as pled in the Complaint show that Defendant Gibertini's allegedly tortious conduct was incidental to authorized conduct.

Defendant Hosley argues that under *Barnett*, Defendant Gibertini's conduct was not incidental to any authorized conduct. It points to the *Barnett* court's analysis of *Stropes v. Heritage House Children's Center*, 547 N.E.2d 244 (Ind. 1989), and the *Barnett* court's distinguishing of *Stropes* because the *Barnett* employee's conduct was not "sufficiently associated with his employment duties so as to fall within the scope of [his] employment." *Barnett*, 889 N.E.2d at 286. The Plaintiff argues, also based on an analysis of *Barnett* and *Stropes*, that Defendant Gibertini's actions "were at least for a time authorized by the employer and motivated by the employer's interests." *Id.* at 285. Specifically, the Plaintiff argues that

---

[3]Defendant Gerike is not named as a Defendant in Counts I, II, III, or VII.

because Defendant Gibertini was authorized to direct the Plaintiff to come to a section of the warehouse to perform her duties, his actions in the alleged assault were incidental to conduct authorized by Defendant Hosley. Defendant Hosley replies that this is too broad a reading of *Stropes*.

The Court agrees with Defendant Hosley that *Stropes* and *Barnett* do not support the Plaintiff's *respondeat superior* theory of vicarious liability. In brief, the Indiana Supreme Court in *Stropes* held that an employer whose employee's duties included bathing, undressing, and even touching the genitals of a disabled individual could be held liable for a sexual assault of the disabled individual by the employee because the act of sexual assault was "sufficiently associated" with the employee's authorized duties. *Stropes*, 547 N.E.2d at 250. The Indiana Supreme Court in *Barnett*, however, distinguished *Stropes* and held that an employer whose employee's duties included merely determining whether public aid was appropriate could not be held liable for a sexual assault of a client by the employee because the employee's "alleged acts of confining, sexually touching, and raping the plaintiff were not an extension of authorized physical contact" and were not "incidental to nor sufficiently associated with the [employee's] authorized duties." *Barnett*, 889 N.E.2d at 286. The Court finds that the facts as pled in the Complaint do not reasonably suggest vicarious liability for Defendant Hosley. Defendant Gibertini's alleged acts of assaulting, battering, falsely imprisoning, and intentionally inflicting emotional distress upon the Plaintiff were not an extension of any authorized physical contact. Neither were Defendant Gibertini's alleged acts incidental to or sufficiently associated with his authorized duties. Additionally, as noted above, the Plaintiff has not suggested that his alleged actions furthered Defendant Hosley's business interests. Therefore, Defendant Hosley cannot be

held vicariously liable for the alleged tortious acts of Defendant Gibertini under Indiana law.[4]

Consequently, because the Court finds that the facts in the Complaint fail to state a claim for vicarious liability for intentional torts under a theory of *respondeat superior*, the Court will dismiss Counts I, II, III, and VII as against Defendant Hosley under Rule 12(b)(6).

C.      **Futility of Amendment**

A court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(1)(B)(2). *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss"). However, a court should not grant leave to amend "where the amendment would be futile." *Stanard v. Nygren*, 658

---

[4]As part of its argument that it is not vicariously liable for Defendant Gibertini's actions under the doctrine of *respondeat superior*, Defendant Hosley cites cases discussing the standard for holding an employer personally liable for intentionally tortious conduct. (*See* Defs.' Br. in Supp. 6, ECF No. 15; Defs.' Reply 3, ECF No. 19.) However, these cases do not discuss the standard under Indiana law for holding an employer vicariously liable for an employee's tortious behavior, discussed in *Stropes* and *Barnett*, above. Defendant Hosley does not cite the standard for holding an employer personally liable for intentionally tortious conduct outlined by the Indiana Supreme Court in *Baker v. Westinghouse Electric Corp.*, 637 N.E.2d 1271, 1275 (Ind. 1994), and does not argue that the Plaintiff has failed to satisfy this standard by bringing claims against her employer. Neither does the Plaintiff make any argument concerning the *Baker* standard. It appears all parties agree that as to Defendant Hosley the actions outlined in the Complaint occurred by accident. Accordingly, although Defendant Hosley cites to *Baker* and cases interpreting it, the Court considers whether Defendant Hosley could be vicariously liable for Defendant Gibertini's allegedly tortious actions under Indiana law, not whether the Plaintiff has shown that Defendant Hosley itself had the intent to commit an intentional tort under *Baker*. *See Baker*, 637 N.E.2d at 1275 (discussing the standard for whether an employee's "moral culpability can be shifted to the employer by simple reliance on the doctrine of *respondeat superior*") (quotation marks omitted).

F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

The Court has already determined that the substance of the Plaintiff's claims include allegations that she is disabled within the meaning of the WCA under *Perry*. It appears that the opportunity to amend her Complaint would allow the Plaintiff to craft claims that do not seek recovery that is precluded by the exclusivity provision of the WCA. However, concerning the Plaintiff's claims to hold Defendant Hosley vicariously liable for the actions of Defendant Gibertini, the Court determines that any amendment would be futile. Accordingly, the Court will dismiss without prejudice and grant the Plaintiff fourteen days to amend her claims against Defendants Hosley and Gerike for negligent supervision (Count IV) and negligent retention (Count V). However, the Court will dismiss with prejudice the Plaintiff's claims for assault (Count I), battery (Count II), false imprisonment (Count III), and intentional infliction of emotional distress (Count VII) because any amendment to those claim would be futile.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Dismiss [ECF No. 14] filed by Defendants Hosley and Gerike. Count I, Count II, Count III, and Count VII are dismissed with prejudice. Count IV and Count V are dismissed without prejudice, with leave to file an Amended Complaint within fourteen days of the date of this Opinion and Order.

SO ORDERED on August 17, 2012.

             s/ Theresa L. Springmann
             THERESA L. SPRINGMANN
             UNITED STATES DISTRICT COURT
             FORT WAYNE DIVISION