**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| VICKIE S. GALLUZZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:11-CV-429-TLS |
| | ) | |
| HOSLEY INTERNATIONAL, INC., | ) | |
| GLENN GIBERTINI, and PETER | ) | |
| GERIKE, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Reconsider [ECF No. 31] filed by

Defendants Hosley International, Inc., and Peter Gerike on August 28, 2012. The Plaintiff filed a

Response [ECF No. 33] on September 11, arguing that the Court should deny the Motion. For

the reasons discussed below, the Court will deny the Motion to Reconsider.

**BACKGROUND**

The Plaintiff, Vickie S. Galluzzo, filed this action on November 21, 2011, alleging

assault, battery, false imprisonment, and intentional infliction of emotional distress against

Defendants Hosley and Glenn Gibertini; negligent supervision and negligent retention against

Defendants Hosley and Gerike; and Title VII sexual harassment and hostile work environment

against Defendant Hosley. (Compl., ECF No. 1.) Defendant Gibertini has not filed a motion to

dismiss any claims in this matter. The August 17 Opinion and Order did not address the Title VII

sexual harassment and hostile work environment claims. This case arises from an incident that

allegedly occurred on June 4, 2010. The Court set out the factual background in its August 17

Opinion and Order, and will not recount it here. (*See* Opinion & Order 2–4, ECF No. 30.)

The Court's August 17 Opinion and Order dismissed with prejudice the claims for assault, battery, false imprisonment and intentional infliction of emotional distress against Defendant Hosley, and dismissed without prejudice the claims for negligent supervision and negligent retention against Defendants Hosley and Gerike. The Court dismissed the assault, battery, false imprisonment, and intentional infliction of emotional distress claims with prejudice because it determined that amendment would be futile as against Defendant Hosley in that the Plaintiff could not establish vicarious liability under Indiana law. However, with respect to the negligent supervision and negligent retention claims against Defendant Hosley and Gerike, the Court stated as follows: "It appears that the opportunity to amend her Complaint would allow the Plaintiff to craft claims that do not seek recovery that is precluded by the exclusivity provision of the WCA. . . . Accordingly, the Court will dismiss without prejudice and grant the Plaintiff fourteen days to amend her claims against Defendants Hosley and Gerike for negligent supervision (Count IV) and negligent retention (Count V)." (Opinion & Order 15, ECF No. 30.)

Defendants Hosley and Gerike argue in their Motion to Reconsider that the Court improperly dismissed the Plaintiff's claims for negligent supervision and negligent retention in Counts IV and V of the Complaint. Defendants Hosley and Gerike argue that the dismissal of those claims should have been with prejudice because the essence of those claims is for recovery that is precluded by the Indiana Workers' Compensation Act (WCA). Accordingly, Defendants Hosley and Gerike argue that any amendment to these claims would be futile. Specifically, they argue that the Court in its August 17 Opinion and Order "appears to base application of the exclusivity provision on the nature of the recovery sought—in other words, the damages pursued—rather than the nature of the injury alleged." (Defs.' Mot. to Reconsider 2, ECF No.

2

31.) They also argue that allowing the Plaintiff to amend these claims would be bad policy because it would allow the Plaintiff "two bites at the apple." (*Id.* 3.) Finally, they attempt to distinguish *Hart v. Webster*, 894 N.E.2d 1032 (Ind. Ct. App. 2008), a case in which the Indiana Court of Appeals approved of an amended pleading that corrected the errors which had precluded the original claims under the exclusivity provision of the WCA. The Plaintiff in her Response argues that no rule prevents amendment of WCA pleadings, that the Rules of Civil Procedure allow for inconsistent theories of recovery, and that the Court should apply the *Hart* court's analysis and allow the amended pleading on Counts IV and V.

## STANDARD OF REVIEW

Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions. *See United States v. Roth*, No. 10 Misc. 001, 2010 WL 1541343, at *2 (E.D. Wis. Apr. 19, 2010); *see also Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (discussing the differences between Rule 59(e) and Rule 60(b)). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion for reconsideration should normally be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009) (citing *Kunik v. Racine Cnty., Wis.*, 106 F.3d 168, 173 (7th Cir. 1997)). However, when a motion otherwise appropriate for consideration under Rule 59(e) is not timely filed, it "automatically becomes a Rule 60(b) motion." *Kiswani*, 584 F.3d at 743 (quoting *Talano v. Nw. Med. Faculty Found. Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)). The decision whether to analyze a motion for

3

reconsideration under Rule 59(e) or Rule 60(b) turns on "the *substance* of the motion, not on the timing or label affixed to it." *Obriecht*, 517 F.3d at 493. A motion for reconsideration based on errors of law should be analyzed under Rule 59(e). *Id.* at 493–94 ("[The plaintiff] based his motion for reconsideration on errors of law, a basis encompassed by Rule 59(e), not Rule 60(b). The district court therefore should have treated [the plaintiff]'s motion as one under Rule 59(e).").

"To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A manifest error means the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Id.*

## ANALYSIS

Defendants Hosley and Gerike request relief "pursuant to Federal Rule of Civil Procedure 60(b)(6)." (Defs.' Mot. to Reconsider 1.) Nevertheless, it is the substance of the motion that controls whether the Court should analyze it under Rule 59(e) or Rule 60(b). Here, Defendants Hosley and Gerike filed the Motion to Reconsider on August 28, 2012, only eleven days after the Court's August 17 Opinion and Order. A motion to alter or amend a judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Additionally, Defendants Hosley and Gerike argue that the Court made an error of law, which is "a basis encompassed by Rule 59(e), not Rule 60(b)." *Obriecht*, 517 F.3d at

4

493–94. Accordingly, although Defendants Hosley and Gerike ask for relief under Rule 60(b), the Court will analyze their Motion to Reconsider under Rule 59(e).

Nowhere in their Motion to Reconsider do Defendants Hosley and Gerike discuss the legal standard for granting the type of relief they are seeking. As articulated above, they must present either newly discovered evidence or show a manifest error of law, which equates to a wholesale disregard, misapplication, or failure to apply controlling precedent. The Court finds that Defendants Hosley and Gerike have failed to meet this standard for relief.

Defendants Hosley and Gerike argue that amendment to Counts IV and V would be futile because the Plaintiff could avoid application of the WCA by merely changing the nature of relief sought. The Court disagrees. In order to craft a claim not precluded by the exclusivity provision of the WCA, the Plaintiff could ask for relief for an injury distinct from any personal injury as articulated by the Indiana Supreme Court in *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282 (Ind. 1994). Although the Plaintiff may have suffered both emotional injuries in the past and a disability as defined by the *Perry* court manifested by a future inability to work, the Plaintiff may bring claims for the former while being precluded by the WCA from bringing claims for the latter. As Defendants Hosley and Gerike admit, the Indiana Court of Appeals approved exactly such a course in *Hart v. Webster*, 894 N.E.2d 1032 (Ind. Ct. App. 2008). The *Hart* court held that the initial pleading was properly dismissed because it alleged physical injuries precluded by the WCA. But the *Hart* court also held that the amended pleading should go forward because it "made no mention of any physical injury or disability or impairment." *Id.* at 1037.

Defendants Hosley and Gerike attempt to distinguish *Hart* because the Indiana Court of Appeals did not directly address whether a defendant should be given opportunity to amend

claims covered by the WCA. But the *Hart* court directly stated that an amended pleading can avoid the WCA's exclusivity provision although an earlier pleading was precluded by that same provision. The Court finds unavailing attempts by Defendants Hosley and Gerike to distinguish *Hart*. Furthermore, the Court agrees with the *Hart* court's reasoning.[1] Defendants Hosley and Gerike continually argue, without citation to any authority, that the Plaintiff should not be allowed merely to alter the nature of the relief she is seeking by removing references to a future inability to work in Counts IV and V. But the Court finds that the Plaintiff need not alter the nature of the relief she is seeking. Instead, the Plaintiff can conform her pleadings in Counts IV and V by altering the injury for which she seeks relief. Formerly she sought relief for emotional injuries manifesting a future inability to work. Such injuries were precluded by the WCA because they fit the definition of a disability as articulated by the *Perry* court. But the Plaintiff could allege claims for negligent supervision and negligent retention without alleging injuries manifesting a future inability to work. If she does so, her claims will not be barred by the WCA, and she will have altered not the nature of her alleged recovery, but the nature of the injuries for which she seeks relief. Finally, the Court is not persuaded by the policy argument advanced by Defendants Hosley and Gerike. Allowing a plaintiff to amend a complaint is the normal course of action when claims are dismissed, *see Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008), and the Court finds no reason to depart from that policy in this case.

For all these reasons, the Court finds that its dismissal of the Plaintiff's Count IV and V claims without prejudice does not represent a manifest error of law because the Court did not

---

[1]Although Defendants Hosley and Gerike do not attempt to distinguish *Tackett v. General Motors Corp.*, 93 F.3d 332 (7th Cir. 1996), the Court notes that in that case the Seventh Circuit suggested a claim for non-physical injuries should proceed in spite of evidence that the plaintiff might also have physical injuries and an inability to get work done in the future. *Id.* at 335.

disregard, misapply, or fail to apply controlling precedent. In fact, the Court finds that its decision to allow the Plaintiff to conform her claims for negligent supervision and negligent retention finds firm support in controlling precedent. Accordingly, the Court will deny the Motion to Reconsider.

## CONCLUSION

For the reasons stated above, the Court DENIES the Motion to Reconsider [ECF No. 31] filed by Defendants Hosley and Gerike.

SO ORDERED on September 21, 2012.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION